NILDA CRUDELI *vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

OCTOBER 23, 1947.

PRESENT: Flynn, C. J., Baker and Condon, JJ.

CONDON, J. This is a petition for certiorari to review the action of the zoning board of the city of Warwick in granting an application for an exception or variance under the zoning ordinance of that city. Such exception or variance authorizes the applicant Ban-i-Mar Automotive Supply & Service Company to erect a public garage on lots numbered 435 and 436 on plat 111 at the corner of West Shore Road and Stokes street in a residence zone.

The petitioner, who resides in a house on Stokes street opposite the proposed garage, complains that the board's decision is arbitrary, not based upon evidence, adverse to the public health, safety and welfare, and that it is otherwise violative of her rights in the premises and especially of the intendment of the zoning law of the state, general laws 1938, chapter 342, as amended. Wherefore she prays that the record of such decision may be quashed by this court.

The writ of certiorari issued, and in compliance therewith the clerk of the zoning board has certified to this court all the records relating to the proceedings before the board. It appears therefrom that the applicant first applied for permission to erect a building with a door leading into Stokes street, which would have necessitated that automobiles leaving the building be backed out into that street. Because of this fact such application was denied on the ground that a traffic hazard dangerous to public safety would thereby be created and that inconvenience to the public would result. Thereupon the applicant filed a plan for a building with an entrance at the rear thereof which would allow automobiles to be backed out and turned around on its premises so as to head into Stokes street. Petitioner and others still remonstrated against the application on substantially the grounds set out in the instant petition.

It further appears from the record that an automobile

repair business has been conducted on these premises, but in the open, for the past sixteen years. It also appears that the premises were not included in a residence zone until the passage of a rezoning ordinance in June 1945. Petitioner by her counsel expressly stated at the hearing in this court that she was not objecting to the erection of a building for the continued conduct of applicant's repair business, but solely to the allowance of a means of ingress and egress to and from such building on Stokes street. Petitioner contends, as we understand her, that such a use constitutes an unwarranted and illegal extension of an existing nonconforming use, and that, by reason of the facts and circumstances here, the board's decision granting an exception or variance from the ordinance was arbitrary and an abuse of its discretion.

On the record before us we do not agree with these contentions. The board has the power to grant such a variance on a proper showing that "owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship". G. L. 1938, chap. 342, §8 c. In the instant case the board substantially found that the erection of the proposed building for housing unsightly repair work now being done in the open would be a benefit to the neighborhood. It also found that the amended plan of the building providing for a door at the rear which would enable automobiles to be turned around on the applicant's premises and headed into Stokes street would not result in the use of that street, as a means of ingress and egress to and from the building, becoming a hazard to traffic or an inconvenience to the general public. The board further found that to require the applicant to provide other means of ingress and egress to and from the proposed building to West Shore Road would work an unnecessary hardship on the applicant.

There is nothing in the record that would warrant our holding that those findings were arbitrary and without evidence to support them. On the contrary, they appear to be consistent with the spirit of the ordinance and, in the light

of the special circumstances of this case, in furtherance of substantial justice.

The petition is denied and dismissed.

*Frank C. Cambio*, for petitioner.

*Voigt, Wright & Slade, Ernst T. Voigt, Edward J. Plunkett, Edward L. Godfrey*, City Solicitor, for respondent.